*Puppolo v. Welch*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand nineteen.

PRESENT:     RALPH K. WINTER,
             JOSÉ A. CABRANES,
             REENA RAGGI,
                       *Circuit Judges.*

---

CELESTE PUPPOLO, AS EXECUTOR OF THE ESTATE OF
EVA C. PUPPOLO,

           *Executor-Plaintiff-Counter-Defendant-Appellant,*

                              18-2601

        v.

JOHN J. WELCH, JR., JOHN J. WELCH, JR. LTD,

           *Defendants-Counter-Claimants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**           Peter Decato, Lebanon, NH.

**FOR DEFENDANTS-APPELLEES:**　　　　　David L. Cleary, Cleary Shahi & Archer, Rutland, VT.

Appeal from a July 31, 2018 judgment of the United States District Court for the District of Vermont (Christina Reiss, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED.**

Plaintiff-Appellant, the Estate of Eva C. Puppolo by Executor Celeste Puppolo, ("Puppolo") appeals from the District Court's grant of summary judgment to Defendants-Appellees John J. Welch, Jr. and John J. Welch, Jr., Ltd. (jointly, "Welch") dismissing claims for legal malpractice, negligent misrepresentation and breach of contract.

Puppolo brought a diversity action against Welch, her former attorney, for alleged misconduct while representing her in a malpractice lawsuit against her previous attorney, Christopher S. Dodig.[1] In particular, Puppolo alleged that Welch breached the applicable standard of care, breached several promises concerning the prosecution of her lawsuit, and misappropriated trust funds.

The District Court first granted partial summary judgment with respect to Puppolo's legal malpractice claims, reasoning that Puppolo "failed to establish the essential elements of legal malpractice" under applicable law because she failed to produce viable expert testimony. App'x 957. The District Court then granted summary judgment on the remaining claims, reasoning (1) that Puppolo's breach of contract claim based on Welch's alleged failure to perform as promised was duplicative of her legal malpractice claim, and (2) that Welch's disbursement of $7,223.10 to settle Dodig's counterclaim did not constitute a breach of contract because Puppolo implicitly ratified his disbursement. Sp. App'x 18–20, 23. Puppolo timely appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1] Puppolo retained Dodig to represent her in a state wrongful death lawsuit against Crescent Manor Care Centers, a nursing facility and healthcare provider which she alleges negligently caused her aunt's death through the administration of a lethal dosage of fentanyl. Sp. App'x 2. After Dodig failed to prosecute the wrongful death action, Puppolo retained Welch to represent her in a legal malpractice case against Dodig. The case went to trial, and a Vermont jury returned a verdict in favor of Dodig, which the Supreme Court of Vermont affirmed. *Puppolo v. Donovan & O'Connor, LLC*, 35 A.3d 166, 169 (Vt. 2011).

"We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005). We are free to "affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000) (internal quotation marks omitted).

Here, Puppolo raises three central challenges to the decision below. We reject each in turn.

First, Puppolo argues that the District Court erred in excluding, under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), and Federal Rule of Evidence 702, the testimony of her proposed expert witness, Thomas O'Toole. "We review a district court's determination to admit or exclude expert testimony under *Daubert* for abuse of discretion." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 264 (2d Cir. 2002). Here, we agree with the District Court that O'Toole's opinions "consist of a litany of strategic decisions made by Defendant without tying those decisions to the applicable law." App'x 948. Similarly, we agree that O'Toole's acknowledgment that "he performed none of the legal research presented in the August 15, 2016 Opinion and merely made minor revisions to the expert witness opinion prepared for him by Plaintiff's counsel" substantially detracts from his testimony's reliability and usefulness. *Id.* at 952. As "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert," *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997), we find no abuse of discretion.

Second, Puppolo argues that the District Court erred in finding her "Count III" claim of breach of contract duplicative of her "Count I" legal malpractice claims. We reject this argument as well. Insofar as the "contract" at issue is Welch's employment contract, we agree with the District Court that this claim simply recasts her legal malpractice (tort) claim. Under Vermont law, a breach of an attorney's general employment contract "is essentially a tort claim veiled as a breach of contract claim." *Bloomer v. Gibson*, 912 A.2d 424, 428-431 (Vt. 2006) (internal quotation marks omitted). This claim must therefore be dismissed as identical to (and for the same reasons as) her legal malpractice claim. Insofar as Puppolo argues that Welch breached some special obligations or additional contract, she has failed to substantiate (or even adequately describe) the formation of any such enforceable contract or additional obligations. Accordingly, we affirm the District Court's dismissal of this claim.

Third, Puppolo argues that her silence was insufficient to "ratify" Welch's (allegedly) unauthorized disbursement of $7,223.10 in settlement of Dodig's counterclaim. We disagree. Under Vermont law, ratification occurs when a principal fails "to dissent within reasonable time after learning what had been done," or "to disaffirm [a] contract within reasonable time and accepts [the] benefits of [the] contract." *Lakeside Equip. Corp. v. Town of Chester*, 795 A.2d 1174, 1181 (Vt. 2002). Here, it is undisputed that Puppolo heard the settlement agreement described in open court on two

3

separate occasions and failed to object. Sp. App'x 22. Therefore, contrary to Puppolo's implication on appeal, she had knowledge of Welch's conduct and opportunities to object beyond rising and protesting in court. Puppolo's failure to raise any such objection until far later, and her acceptance of the settlement's benefits, thus resulted in ratification.

## CONCLUSION

We have reviewed all of the arguments raised by Puppolo on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 31, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4